1  P. Randall Noah, (SBN: 136452)
   **Law Office of P. Randall Noah**
2  21 Orinda Way, Suite C, #316
   Orinda, CA 94563
3  TEL: (925) 253-5540
4  FAX: (925) 253-5542
   Attorney for Plaintiff, Veronica Vargas
5
   **Campbell Litigation, PC**
6  Daniel M. Combs, (Col. Bar No. 34740)
7  730 17th St., Suite 730
   Denver, CO 80202
8  TEL: (303) 536-1833
   FAX: (303) 536-1834
9  Attorneys for Defendant, AT&T Umbrella Benefit Plan No. 3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VERONICA VARGAS, | ) | No. 3:18-cv-02508 RS |
| | ) | |
| Plaintiff, | ) | STIPULATION TO PERMIT FILING |
| | ) | OF AMENDED COMPLAINT BY |
| v. | ) | PLAINTIFF, VERONICA VARGAS; |
| | ) | ~~PROPOSED~~ ORDER |
| AT&T UMBRELLA BENEFIT PLAN NO. 3, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendant, AT&T Umbrella Benefit Plan No. 3, and plaintiff, Veronica Vargas through their respective counsel of record hereby stipulate pursuant to Federal Rules of Civil Procedure, Rule 15(a), to allow plaintiff to file an Amended Complaint correctly naming defendant as "AT&T Umbrella Benefit Plan No. 3," rather than "AT&T Umbrella Benefit Plan No. 1."

Plaintiff's proposed First Amended Complaint is attached hereto as Exhibit A.

Federal Rules of Civil Procedure, Rule 15(a) allows a party to amend a pleading "by written consent of the adverse party." Defendant, through their counsel of record, has consented to the filing

- 1 –
_____
**Stipulation And Order**

of the amended complaint attached hereto as Exhibit A.  Defendant does not waive and expressly reserves all defenses in the instant case.

Dated: August 23, 2018

CAMPBELL LITIGATION, PC

By:_/s/ Daniel M. Combs

Attorneys for Defendant, AT&T Umbrella Benefit Plan No. 3

Dated: August 23, 2018

LAW OFFICE OF P. RANDALL NOAH

By:__/s/_P. Randall Noah

Attorney for Plaintiff, Veronica Vargas

IT IS SO ORDERED

Dated: 8/23/18

_____

United States District Judge

EXHIBIT A

- 3 –
_____
**Stipulation And Order**

Law Office of P. Randall Noah
P. Randall Noah, SBN 136452
21 Orinda Way, Suite C, #316
Orinda, CA 94563
Tel. (925) 253-5540
Fac. (925) 253-5542
Attorney for Plaintiff,
Veronica Vargas

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA VARGAS, | CASE NO. |
| Plaintiff, | FIRST AMENDED COMPLAINT 29 USC §1132(a)(1)(B) |
| vs. | |
| AT&T UMBRELLA BENEFIT PLAN NO. 3, | |
| Defendants. | |

PLAINTIFF, VERONICA VARGAS, ALLEGES AS FOLLOWS:

**JURISDICTION**

1. This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof. This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

2. Venue is proper under 29 USC §1132(g) in that the defendants do business within the jurisdictional limits of the United States District Court Northern District of

Complaint
- 4 –

California.

3. Plaintiff was at the time the contract was formed, and at all times herein mentioned, a resident of Whittier, California.

4. Plaintiff is informed and believes that Defendant, AT&T Umbrella Benefit Plan No. 3 ("AT&T) is, and at all times herein mentioned was administered out of Dallas, Texas.

**ALLEGATIONS CONCERNING RELIEF SOUGHT**

5. Plaintiff is employed by AT&T as a Client Solutions Executive 3. Her job requires sharp cognitive ability and concentration during an eight hour (up to twelve hour) work shift, forty to sixty hours per week. Physical requirements include the ability to drive, sit, concentrate, present and key board for long periods of time throughout the workday, and drive and meet with clients for up to four hours at a time to give product presentations. AT&T requires Ms. Vargas to meet with custormers at their jobsite. Plaintiff's last day of work was on March 20, 2017, due to difficulties with a pregnancy. Plaintiff's son was born premature on April 6, 2017, with life threatening health problems. Ms. Vargas soon developed severe depression, anxiety, insomnia and panic attacks due to anxiety over the health of her new baby, along with pregnancy related sciatica. Her primary doctor then took her off work, diagnosing the above numerous conditions which made work at AT&T impossible for the short term

Complaint

- 5 –

disability period beginning March 20, 2017 and continuing into the long term diability up through present.

6. When plaintiff was determined to be disabled from her employment in March, 2017, there was in existence for AT&T employees, including the plaintiff, a certain short and long term disability insurance plan self funded by AT&T and administered by Sedgwick Claims Management Services.

7. The short and long term disability insurance plan was to provide disability payments to any employee covered by the plan, including plaintiff, who suffered a total disability from their job at AT&T, due to mental or physical illness, injury or disease.

8. Plaintiff's severe medical conditions listed above led to a total disability from her occupation as a Client Solutions Executive 3, as determined by her medical doctor, and she applied for benefits under the AT&T short and long term disability insurance plan administered by Sedgwick. Plaintiff's application for benefits was based on the severe cognitive and physical limitations she was experiencing due to the above diagnosed conditions, and the opinion of plaintiff's treating physician that she could not return to work in her former occupation with AT&T from the time she left work in March 2017 up through present.

9. Plaintiff's personal physician stated that plaintiff was, and is, disabled from returning to work in

Complaint

**Stipulation And Order**

client services due to her mental and physical health.

    10. Plaintiff accordingly applied for benefits under defendant's short and long term disability plan, and her claim was first accepted for approximately 13 weeks before being denied. Plaintiff appealed defendant's decision in accord with the requirements of her policy, and that appeal process has been exhausted as set forth in a letter sent to plaintiff dated November 1, 2017. Having been denied short term disability benefits, plaintiff was told that she was also precluded from long term disability benefits. No payment has been received by plaintiff under the short or long term disability plan at issue after July 4, 2017.

    11. The relevant portion of defendant's Disability Income Plan reads as follows:

"You are considered disabled for purposes of Short Term Disability Benefits if you are found by the Claims Administrator to be Disabled. Disabled means that you are absent from Active Employment and unable to perform the duties of your Customary job due to illness (including pregnancy) or injuries."

    12. Defendant breached their obligation under the disability plan by denying coverage for plaintiff's disability payments when plaintiff met all of the above criteria by submitting her treating physician's reports

which verified the mental and physical illnesses and work disability. Defendant simply disagreed with the treating physicians, arbitrarily relying on their own consultants' subjective determination of the degree of plaintiff's disability instead of the findings and conclusions of plaintiff's personal physicians and plaintiff's statements.

13. Plaintiff at all times herein mentioned has performed all the terms and conditions of the defendant's short and long term disability plans to be performed.

14. As a proximate result of defendant's failure and refusal to perform its obligations under the short and long term disability plan, plaintiff has been compelled to retain counsel to protect her rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For compensatory damages;

2. For costs of suit herein;

3. For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

4. For prejudgment interest; and

5. For such other and further relief as the court may deem proper.

DATED: August 23, 2018    Law Offices Of P. Randall Noah

By: /s/ P. Randall Noah
P. Randall Noah Attorney for Plaintiff, Veronica Vargas

Complaint

- 8 –